C.E. BICKFORD & CO., INC., Plaintiff,

v.

M.V. "ELLY," formerly the M.V.
"CEDARBANK," her engines,
boilers, etc.,

v.

HOEGH LINES and Bank Line,
Ltd., Defendants.

No. 85 Civ. 4933 (GLG).

United States District Court,
S.D. New York.

Jan. 15, 1986.

Vincent, Berg, Russo & Marcigliano, New York City, for plaintiff.

Lilly, Sullivan, Purcell, Barkan & Junge, New York City, for defendants.

## ORDER

GOETTEL, District Judge.

The plaintiff moves to reopen this action, which was dismissed by order of this Court on November 19, 1985.

■ This action was commenced 6½ months ago. The Federal Rules require that an answer be served, a scheduling conference ordered and a scheduling order entered within four months. When no answer had been filed within the necessary time, this case was placed on a call calendar. Plaintiff's attorney failed to appear. His explanation is that he attempted to cover four pretrial conferences on the same morning and could not be in several places at once. Since there are a number of other attorneys in his firm, that excuse is unsatisfactory. In any event, the call calendar was adjourned for four weeks. The matter was heard on October 18, 1985 shortly before the four-month period would have expired.

At the calendar call on October 18th, plaintiff's counsel appeared with an adjuster for the insurance group representing defendant Hoegh Lines. They advised that they were attempting to resolve the matter amicably. The Court ordered that an answer or a default judgment would have to be filed by November 18, 1985, or the action would be dismissed. Thereafter, the plaintiff dismissed the action as against the vessel and its owner, co-defendant Bank Line, Ltd. When the second extension expired without any action being taken against the remaining defendant, the Court entered an order dismissing the action.

Plaintiff's counsel contends that when the final extension expired he had received a commitment from the adjuster for the remaining defendant to refer the matter to counsel and to interpose an answer thereafter. In addition, the remaining defendant was to implead the stevedore by virtue

of a third party action, something which the plaintiff should have done in the first instance. Of course, these events were to occur after the final extension had run out, and the 120 day period for the entering of scheduling orders had long expired.

Despite the entry of the order dismissing the action, counsel for the remaining defendant was still willing to reopen the action and to file an answer until he learned of the fact that the co-defendant vessel owner had been dismissed from the action by the plaintiff. When he learned that, he refused to agree to reopen the dismissed action and now opposes this motion. The plaintiff contends that he has been "betrayed" by the insurance adjuster and the counsel thereafter retained. He argues that it is not the custom in New York to take defaults against defendants while there are negotiations with adjusters. Defendant's counsel claims that he has been prejudiced by the dismissal of the co-defendant since the staining of the coffee cargo could have occurred in part while the cargo was under the control of the vessel owner aboard the ship. He points out that plaintiff's counsel has created his own problems in this matter, as indeed he has.

■ The Southern District of New York receives an inordinate volume of cargo claims, many of which concern shipments that have never come within a thousand miles of the Port of New York. For a long period of time, we have had substantial difficulty in getting these cases to move during prolonged settlement negotiations with adjusters. The 1983 amendments to the Rules requiring service of process within 120 days and the entering of a scheduling order "as soon as practicable but in no event more than 120 days after filing of the complaint," Rule 16(b), have taken these matters out of the discretion of the Court and compelled more forceful management of the Court's dockets. In this instance, the Court went the extra mile with plaintiff's counsel, extending his time even beyond the 120 days. When the final extension expired, plaintiff was still negotiating with adjusters and had received noth-

ing more than a promise that the case would be referred to counsel for the filing of an answer. If the Court is to have any control whatever over its own dockets, such extra-judicial agreements cannot be honored. Consequently, the motion to reopen the dismissal is denied.

SO ORDERED.